# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

July 25, 2002

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 01-2167

CITY OF CHICAGO,

    *Plaintiff-Appellee*,

    *v.*

UNITED STATES DEPARTMENT OF TREASURY, BUREAU OF ALCOHOL, TOBACCO AND FIREARMS,

    *Defendant-Appellant*.

Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.

No. 00 C 3417

George W. Lindberg, *Judge*.

**O R D E R**

The opinion issued by this court on April 25, 2002 is hereby amended. The following paragraph shall be inserted on the page eight of the opinion, after the first full paragraph:

We are not asking ATF to identify a *specific* instance in which the release of information has interfered with enforcement proceedings - we concede that this would be impossible, in light of the fact that this type of information has never before been released, and until it has, it cannot be misused. Moreover, *Robbins Tire* makes clear that a showing of specific instances of interference is not required. 437 U.S. at 236. But this does not end our inquiry. ATF's evidence might predict a *possible* risk of interference with enforcement proceedings, but these predictions are not

*reasonable*. Instead, ATF has provided us with only far-fetched hypothetical scenarios; without a more substantial, realistic risk of interference, we cannot allow ATF to rely on this FOIA exemption to withhold these requested records.

On consideration of the petition for rehearing and petition for rehearing *en banc* filed in the case by defendant-appellant, the *amicus curiae* brief in support of rehearing filed by The Fraternal Order of Police, the answer to the petition and the reply to the answer, no judge in active service has requested a vote thereon and all of the judges on the original panel have voted to deny rehearing. Accordingly, the petition for rehearing is DENIED.